### JANE MULROONEY V. CHARLES LEDERER & SON.

DISMISSAL OF A DEFENDANT NOT VACATED BY APPEAL.

A judgment of a justice of the peace, in an action against two defendants, dismissing one defendant as not properly before the court, is not vacated by an appeal by the other defendant, against whom the suit proceeded, from a judgment subsequently rendered against him, nor is the defendant so dismissed brought into the appellate court by such appeal, particularly where there was not that necessary connection between defendants but that the rights of one could be determined without affecting the rights of the other.

HEARD ON ERROR.

MARVIN, J.

In this case suit was brought by Lederer & Son before a justice of the peace of Cleveland township in this county against Jane Mulrooney and George A. Groot. Summons was issued for George A. Groot, at one time attorney for the other party defendant, and the case continued to a later date. The parties finally appeared before the justice on November 18, 1893. The case was then dismissed as to Jane Mulrooney and proceeded to trial. Judgment was rendered against George A. Groot. Groot appealed his case and gave bond, and brought the case into the court of common pleas. A petition was then filed by Lederer & Son in that court against both Mulrooney and Groot. Thereupon Mrs. Mulrooney filed a motion to have the case dismissed as to her on the ground that she was not properly in court, because the case had been dismissed as to her before the justice. That motion was overruled, and Mrs. Mulrooney filed an answer denying everything contained in the petition. When the case came to trial, she objected to any evidence being introduced as against her, but the court overruled her objection. The case was tried without a jury. Evidence was taken. The result was that in the court of common pleas judgment was had against Mrs Mulrooney and in favor of Groot. Mrs. Mulrooney made a motion for a new trial, which was overruled. Exception was taken and she filed her petition in error in this court to reverse the judgment of the court of common pleas.

The question really presented is, whether she was a proper party in the court of common pleas?

As has already been said, the case was dismissed as against her by the justice of the peace. The record does not show upon what ground it was dismissed, but that would seem to be immaterial. It was dismissed, as against her. She had no reason to complain of the action of the justice and nothing to appeal from. She was entirely satisfied. Whether Lederer & Son were satisfied or not, they did not appeal the case. They acquiesced in that judgment. But Groot, against whom judgment was entered, being dissatisfied with the judgment, appealed and gave bond. Did that bring Mrs. Mulrooney into the court of common pleas so that she was bound to answer there? It would seem a strange thing that she being entirely content with the action of the justice, and the plaintiffs being so well content with that action that they did not care to appeal,

Mulrooney v. Lederer & Son.

·that she should be brought into the court of· common· pleas because the. ·other defendant was dissatisfied and appealed.

The suit was upon a bill of particulars for goods and merchandise furnished originally to the defendant, Mulrooney. The bill was made to read that it was furnished to the defendants.

We are not without what seems to be applicable as authority in this ·case in the state of Ohio. In Glass v. Greathouse, 20 Ohio, 503, the syllabus reads as follows :

" In a case in chancery where there are two defendants, and the bill is dismissed as to one and a decree against the other, an appeal by the latter does not vacate the decree as to the former; more especially wh re there is not that necessary connection between the defendants but hat the rights of one can be determined without affecting the rights ot he ·other."

So far as appears here, there is no such connection between those ·two defendants, that the rights of one can not be determined wit out the presence of the other. Indeed, both courts that tried the case found their rights to be distinct and separate, although one court found against ·one defendant and the other court against the other.

In the opinion in the case cited, on page 513, this language is used : " But in the case now before us there was a decree against but one ·of the two defendants, and he appealed. From what? Unquestionably from the decree against himself, not from the decree in favor of his co- ·defendant. There is no necessary connection between these defendants, ·so that the right of one can not be determined without deciding upon the rights of the other. We are of opinion that Thomas Greathouse is not before this court."

It seems to us that that reason and that principle apply in this case. ·Groot appeals from what? Not from the judgment in favor of Mrs. Mulrooney, but simply from the judgment against himself. And that being ·the only thing that was appealed from, what should have been tried in the court of common pleas was whether Groot was indebted to Lederer ·& Son.

Entertaining these views, we reverse the action of the court of com- ·mon pleas, and remand the case for further proceedings.

*Hessenmueller & Bemis,* for plaintiff in error.

*Riley & McQuigg,* for defendants in error.